UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARSHA LYNN YANDELL, and SCOTT
ALEXANDER YANDELL,

    Plaintiffs,

v.                                    Case No. 3:16-cv-1028-J-39MCR

IAN JAMES CHRISTENSEN, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court sua sponte. By way of background, the Court dismissed Counts I, II, and IV of Plaintiffs' Complaint (Doc. 1). (Doc. 57 at 16-17). The Court also directed Plaintiffs to address the Court's jurisdictional concerns before the Court moved forward on Counts III and V. Id. at 17. Plaintiffs responded with their Memorandum of Law Concerning this Court's Diversity Jurisdiction (Doc. 60; Memorandum) and their Motion for Reconsideration (Doc. 59). Before considering Plaintiffs' Memorandum and Motion for Reconsideration, the Court directed the parties to advise the Court regarding their mediation conference which was to occur no later than October 16, 2017. (Doc. 64 at 1). On December 7, 2017, Defendant Chaksau C. Sharma informed the Court that she should be excused from mediation because she has completely settled this case with Plaintiffs. (Doc. 65 at 1). On the same date, Plaintiffs informed the Court that they have been unable to reach Defendant

Christensen to schedule mediation and plan to seek default judgment. (Doc. 66 at 1).[1] In light of Plaintiffs' Memorandum, the Court's jurisdiction inquiry is satisfied.

Having found that Count III is properly before the Court, the Court considers the remainder of Defendant Ian James Christensen's Motion to Dismiss Complaint (Doc. 14). Christensen contends that Count III should be dismissed because it 1) fails to state a claim upon which relief can be granted; 2) is barred by res judicata; and 3) because Plaintiffs lack standing. To state a cause of action of legal malpractice, a plaintiff must plead "the attorney's employment and his neglect of a reasonable duty which proximately causes a loss to his client." F.D.I.C. v. Martin, 801 F. Supp. 617, 620 (M.D. Fla. 1992). In this case, Plaintiffs alleged that they hired Christensen as their attorney, that he acted negligently in his representation of Plaintiffs, and that this negligence caused loss to Plaintiffs. Complaint ¶¶ 85-90. Therefore, Plaintiffs have adequately stated a claim for which relief can be granted.

For res judicata to apply, the following four elements must be met: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Maldonado v. U.S. Atty. Gen., 664 F.3d 1369, 1375 (11th Cir. 2011). Christensen cites to two cases which he claims bars the instant lawsuit. First, Christensen cites to a criminal case involving Plaintiffs, which resulted in them pleading to felony drug charges. (Doc. 14 at 9); see also Complaint ¶¶ 49-50, 55. Next Christensen cites a civil case which resulted in a money judgment against Plaintiffs for damages they caused their landlord by conducting a

---

[1] The Court denied Plaintiffs' Motion for Reconsideration.

marijuana operation from their home. (Doc. 14 at 9). Both of these cases involved different parties, different causes of actions, and different underlying operative facts. Accordingly, res judicata does not bar Plaintiffs claim of legal malpractice.

The Court also finds that Plaintiffs having standing to assert their legal malpractice claim. "Standing 'is the threshold question in every federal case, determining the power of the court to entertain the suit.'" CAMP Legal Def. Fund, Inc. v. City of Atlanta, 451 F.3d 1257, 1269 (11th Cir. 2006) (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)). "To establish Article III standing, an injury must be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1147 (2013) (internal quotations omitted). "[T]he party invoking federal jurisdiction bears the burden of establishing these elements." Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A., 781 F.3d 1245, 1251 (11th Cir. 2015) (internal quotations and citation omitted). Plaintiffs plead that they have suffered a redressable and concrete injury where, among other things, they were arrested and suffered money damages as a result of Christensen's purported malpractice.

This leaves the Court to address Count V, which alleges that Defendants Patient Solutions, LLC, and Florida Center for Integrative Health, Inc., are successors in interest to other business entities which were dismissed from this case. Complaint at 15-16. Defendants Patient Solutions, LLC, and Florida Center for Integrative Health, Inc. have not filed answers or otherwise responded to Plaintiff's Complaint, and the time to do so has long passed. See Fed. R. Civ. P. 12(a)(1)(A)(i). Despite Defendants' omission, Plaintiffs have failed to move the Clerk for entry of a Clerk's Default pursuant to Rule

55(a), Federal Rules of Civil Procedure, and Rule 1.07(b) of the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)). Accordingly, after due consideration, it is

**ORDERED:**

1. The Court's <u>sua sponte</u> jurisdictional inquiry is satisfied.

2. Pursuant to the Court's August 18, 2017 Order and the Court's denial of Plaintiffs' Motion for Reconsideration, Defendant Chaksau C. Sharma is **DISMISSED with prejudice** from this case. In light of this dismissal, Defendant Chaksau C. Sharma did not need to participate in mediation.

3. Defendant Ian Christensen shall answer the Complaint no later than **January 8, 2018**. If Defendant fails to answer the Complaint, Plaintiffs shall move promptly for default consistent with Rule 55(a), Federal Rules of Civil Procedure, and Rule 1.07(b) of the Local Rules of the United States District Court for the Middle District of Florida.

4. Moreover, Plaintiffs must seek default pursuant to Rule 55(a), Federal Rules of Civil Procedure, and Rule 1.07(b) of the Local Rules of the United States District Court for the Middle District of Florida no later than **January 8, 2018** against any remaining business entities, or **SHOW CAUSE** why they should not be dismissed from this case.

**DONE** and **ORDERED** in Jacksonville, Florida this 13th day of December, 2017.

BRIAN J. DAVIS
United States District Judge

mw
Copies furnished to:

Counsel of Record
Unrepresented Parties