FILED

2018 FEB 16 PM 2:40

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARSHA LYNN YANDELL, *et al.*,

Plaintiff,

v.                                                         CASE NO.: 3:16-cv-01028-BJD-MCR

IAN JAMES CHRISTENSEN,

Defendant.

_____/

## DEFENDANT IAN JAMES CHRISTENSEN'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant IAN JAMES CHRISTENSEN (the "Defendant") hereby files his Answer and Affirmative Defenses to the Complaint in this Action.

### JURISDICTION AND VENUE

1. ¶ 1 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant denies the allegations of ¶ 1 of the Complaint.

2. ¶ 2 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant denies the allegations of ¶ 2 of the Complaint.

3. ¶ 3 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant denies the allegations of ¶ 3 of the Complaint.

4. ¶ 4 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant denies the allegations of Paragraph 4 of

the Complaint.

5. ¶ 5 of the Complaint states a legal conclusion for which no answer is required. To the extent that an answer is required, Defendant denies the allegations of ¶ 5 of the Complaint.

## PARTIES

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 6 of the Complaint, and therefore denies the same.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 7 of the Complaint, and therefore denies the same.

8. The Defendant admits that ¶ 8 of the Complaint identifies the Defendant as the Defendant in this case.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 9 of the Complaint, and therefore denies the same.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 10 of the Complaint, and therefore denies the same.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 11 of the Complaint, and therefore denies the same.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 12 of the Complaint, and therefore denies the same.

13. Defendant admits the first sentence of ¶ 13 and denies the remaining allegations of the complaint.

14. Defendant admits the first sentence of ¶ 14 and denies the remaining allegations of the

complaint.

15. Defendant admits the first sentence of ¶ 15 and denies the remaining allegations of the complaint.

16. Defendant admits the first sentence of ¶ 16 and denies the remaining allegations of the complaint.

17. Defendant admits the first sentence of ¶ 17 and denies the remaining allegations of the complaint.

## GENERAL ALLEGATIONS

18. Defendant admits that he started a law firm around the time of July 2, 2013.

19. Defendant denies the allegations in ¶ 19.

20. Defendant denies the allegations in ¶ 20.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 21 of the Complaint, and therefore denies the same.

22. Defendant denies the allegations in ¶ 22.

23. Defendant denies the allegations in ¶ 23.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 24 of the Complaint, and therefore denies the same.

25. Defendant denies the allegations in ¶ 25.

26. Defendant denies the allegations in ¶ 26.

27. Defendant denies the allegations in ¶ 27.

28. Defendant denies the allegations in ¶ 28.

29. Defendant denies the allegations in ¶ 29.

30. Defendant denies the allegations in ¶ 30.

31. ¶ 31 of the Complaint is a narrative for which no answer is required. To the extent that an answer is required, Defendant denies the allegations of ¶ 31 of the Complaint.

32. ¶ 32 of the Complaint is a narrative for which no answer is required. To the extent that an answer is required, Defendant denies the allegations of ¶ 32 of the Complaint.

33. ¶ 33 of the Complaint is a narrative for which no answer is required. To the extent that an answer is required, Defendant denies the allegations of ¶ 33 of the Complaint.

34. Defendant admits the allegations in ¶ 34 of the Complaint.

35. Defendant denies the allegations in ¶ 35.

36. Defendant denies the allegations in ¶ 36.

37. Defendant denies the allegations in ¶ 37.

38. Defendant admits that Plaintiffs each paid $799.00 for services, and that they were interviewed by Chaksau Sharma, M.D., the remainder of the allegations in ¶ 38 are denied.

39. Defendant denies the allegations in ¶ 39.

40. Defendant denies the allegations in ¶ 40.

41. Defendant denies the allegations in ¶ 41.

42. Defendant denies the allegations in ¶ 42.

43. Defendant denies the allegations in ¶ 43.

44. Defendant denies the allegations in ¶ 44.

45. Defendant denies the allegations in ¶ 45.

46. ¶ 46 of the Complaint is a narrative for which no answer is required. To the

extent that an answer is required, Defendant denies the allegations of ¶ 46 of the Complaint.

47. ¶ 47 of the Complaint is a narrative for which no answer is required. To the extent that an answer is required, Defendant denies the allegations of ¶ 47 of the Complaint.

48. Defendant denies the allegations in ¶ 48.

49. ¶ 49 of the Complaint is a narrative for which no answer is required. To the extent that an answer is required, Defendant denies the allegations of ¶ 49 of the Complaint.

50. Defendant denies the allegation in ¶ 50.

51. ¶ 51 of the Complaint is a narrative for which no answer is required. To the extent that an answer is required, Defendant denies the allegations of ¶ 51 of the Complaint.

52. ¶ 52 of the Complaint is a narrative for which no answer is required. To the extent that an answer is required, Defendant denies the allegations of ¶ 52 of the Complaint.

53. Defendant denies the allegations in ¶ 53.

54. Defendant denies the allegations in ¶ 54.

55. Defendant denies the allegations in ¶ 55.

56. Defendant denies the allegations in ¶ 56.

57. Defendant denies the allegations in ¶ 57.

58. ¶ 58 of the Complaint is a narrative for which no answer is required. To the extent that an answer is required, Defendant denies the allegations of ¶ 58 of the Complaint.

59. Defendant denies the allegation in ¶ 59.

60. Defendant denies the allegations in ¶ 60.

61. Defendant denies the allegations in ¶ 61.

62. Defendant denies the allegations in ¶ 62.

63. Defendant denies the allegations in ¶ 63.

64. Defendant denies the allegations in ¶ 64.

65. ¶ 65 of the Complaint is a narrative for which no answer is required. To the extent that an answer is required, Defendant is without knowledge as to the allegations in ¶ 65 of the complaint and denies the same.

**COUNT I AND COUNT II ¶¶ 66-83 DISMISSED BY THE COURT, SEE DOCKET NO. 57.**

## COUNT III
### Legal malpractice claim under Florida law

84. ¶ 84 of the Complaint is a narrative for which no answer is required. To the extent that an answer is required, Defendant denies the allegations of ¶ 84 of the complaint.

85. Defendant admits ¶ 85.

86. Defendant denies the allegations in ¶ 86.

87. Defendant denies the allegations in ¶ 87.

88. Defendant denies the allegations in ¶ 88.

89. Defendant denies the allegations in ¶ 89.

90. Defendant denies the allegations in ¶ 90.

**COUNT IV ¶¶ 91-95 DISMISSED BY THE COURT, SEE DOCKET NO. 57.**

**COUNT V ¶¶ 96-105 DISMISSED BY THE COURT, SEE DOCKET NO. 71.**

105. Paragraph 105 is a legal request for which no answer is required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

106. Plaintiff's claims are barred in whole or in part by subject matter jurisdiction as the claim arises under a State law legal malpractice claim and bother parties resided in the Northeast Florida area at all times material.

### Second Affirmative Defense

107. Even if Plaintiff could prove a State law legal malpractice claim (and the Defendant expressly denies such is the case), the Plaintiffs actions were outside the scope of Defendants representation and legal advice.

### Third Affirmative Defense

108. Even if Plaintiff could prove the allegations made in the Complaint, Defendant is still not liable because the damages alleged by Plaintiffs were directly and proximately caused by a third party not named in the Complaint.

### Fourth Affirmative Defense

109. Plaintiffs have not complied with the requirements for filing claims under Florida state laws, and therefore cannot claim violations of Florida state law.

### Fifth Affirmative Defense

110. Plaintiffs have failed to mitigate their damages with reasonable diligence.

### Sixth Affirmative Defense

111. Plaintiffs were engaged in illicit activity long before the met Defendant or sought out Defendant's legal services.

### Seventh Affirmative Defense

112. Plaintiff cannot establish a claim of legal malpractice, as there is no causal connection between any alleged legal advice provided by Defendant and the alleged adverse consequences of their illegal activity. The facts alleged by Plaintiffs demonstrates that the legal advice given by Defendant was related to their own personal medical use and the affirmative defense from prosecution of medical necessity. None of the facts alleged by Plaintiffs established that Defendant rendered any advice whatsoever related to the commercial aspects of Plaintiffs conduct related to marijuana. Any advice given to Plaintiffs related solely to their own personal medical use. The facts as alleged by the Plaintiffs if taken as true proves that the services Defendant provided to Plaintiffs had nothing to do with business or commercial related activities that Plaintiffs were engaged in.

### Eighth Affirmative Defense

113. Even if the facts alleged in Plaintiffs' Complaint were proven to be true, their claim cannot succeed because they were advised of, and assumed all risks of the activity they were engaged in.

114. The Defendant reserves the right to amend his Answer and to raise and assert any further claims and defenses as may become available or apparent during discovery or other proceedings in this action.

### DEMAND FOR JURY TRIAL

115. Defendant demands a jury trial on all issues triable as of right.

**WHEREFORE**, Defendant respectfully request that this Court:

A. Dismiss with prejudice the claims brought by Plaintiffs against Defendant; and

B. Provide such other relief as the Court deems just and proper.

Dated February 16, 2018.

                                           Respectfully submitted,

                                           /s Ian Christensen
                                           Ian Christensen
                                     4446 Hendricks Ave. Ste. 139
                                         Jacksonville, Florida 32207
                                         E-mail:ichristensen25@gmail.com
                                         Defendant

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 16, 2018, I filed the foregoing document with the Clerk of Court, which will serve a notice of electronic filing upon:

Andrew Bonderrud
301 W. Bay St, #1433
Jacksonville, FL 32202
bonderrudlaw@gmail.com

                                               ***/s/ Ian Christensen***

                                               **Defendant**